IN THE DISTRICT COURT OF KAY COUNTY
STATE OF OKLAHOMA

Filed in the DISTRICT COURT
Kay County, Oklahoma
APR 22 2019
MARILEE THORNTON, Court Clerk
BY_____ DEPUTY

PETE LIVELY, an individual, )
MARVIN SWOPES, an individual, )
DORVIN CONSTANT, an individual, )
)
      Plaintiffs, )
v. ) CASE NO. CJ-2019-85
)
PAUL B. SKIDMORE, individually, and in his )
capacity as County Commissioner of Kay )
County, District 3; and, )
BOARD OF COUNTY COMMISSIONERS )
OF KAY COUNTY, )
)
      Defendants. )

## PETITION

COMES NOW Pete Lively, Marvin Swopes, and Dorvin Constant, each individually named as Plaintiff, and for their complaint against the Defendants, alleges and states as follows:

1. This Court has jurisdiction over the parties and the subject matter over the claims asserted herein and venue is proper herein.

2. Plaintiff Pete Lively ("Lively") is a resident of Blackwell, Oklahoma in Kay County, and was an employee of the Board of County Commissioners in Kay County until the date of his termination.

3. Plaintiff, Marvin Swopes ("Swopes") is a resident of Blackwell, Oklahoma in Kay County, and was an employee of the Board of County Commissioners in Kay County until the date of his termination.

4. Plaintiff, Dorvin Constant ("Constant") is a resident of Blackwell, Oklahoma in Kay County, and was an employee of the Board of County Commissioners in Kay County until the date of his termination.

Exhibit 2

5. Defendant, Board of County Commissioners of Kay County ("the Board") is a local governmental entity organized under the laws of the State of Oklahoma. The Board is the chief administrative body for Kay County. The Board consists of three (3) Commissioners from three different districts within Kay County.

6. Defendant Paul Skidmore ("Defendant Skidmore") was the elected County Commissioner for District 3 of Kay County and he is sued in his individual and official capacity.

7. Lively has worked for Kay County since January 1, 1993, in excess of twenty-five years.

8. Swopes has worked for Kay County since February 7, 2011 for over seven years.

9. Constant has worked for Kay County since August 1, 2012 for a total of five years, and eleven months.

10. Lively, Swopes, and Constant were classified as county employees. Plaintiffs have received minimal, if any, disciplinary actions, and have been exemplary employees for a combined total of nearly thirty-eight years.

11. On April 26, 2018, Lively and two other employees were in the break room during a break. Defendant Skidmore at that time threatened that any current employee who did not support him during his re-election campaign would be terminated.

12. On May 27, 2018, Lively, Swopes, and Constant attended an event and wore shirts in support of John T. Wilson, who was running in the current election for County Commissioner of District 3 against Defendant Skidmore. Defendant Skidmore witnessed Plaintiffs wearing supporting John T. Wilson.

13. On May 29, 2018, Defendant Skidmore confronted Lively in the parking lot after the event and warned Lively, stating that if he [Skidmore] won the election, he would fire Lively.

14. On June 26, 2018, County employees, including, Lively, Swopes and Constant, were contacted by the Kay County Secretary, Teena Tucker, and informed that there was a mandatory meeting at 7:00 a.m. the following day.

15. On June 26, 2018, Plaintiffs went to an evening party held by Defendant Skidmore's opponent to watch the election results ("Watch Party"). The Watch Party was held after hours and on nonwork time. Defendant Skidmore drove by the Watch Party to identify whether any employees were in attendance. Defendant Skidmore identified each of Plaintiffs' vehicles.

16. On June 26, 2018, Paul Butch Skidmore received votes in the election for Kay County Commissioner for District 3. However, no participant received a majority of votes and therefore a run-off election was held on August 28, 2018.

17. On June 27, 2018, each of the three Plaintiffs arrived at work in time to attend the mandatory meeting. Before Plaintiffs could even make it to the meeting, they were each presented with two separate papers and were told to choose which one they were going to sign. The papers represented an individual notice of termination and an individual notice of resignation, respectively.

18. Defendant Skidmore, accompanied by District Attorney Brian Hermanson, coerced the Plaintiffs to choose their own method of termination of employment. When Plaintiffs asked the reason behind the termination decision, D.A. Hermanson informed Plaintiffs that "he [Skidmore] didn't need a reason."

19. Plaintiff Pete Lively asked D.A. Hermanson if he could apply to work for Kay County District 1 and District 2 due to his need to retain his benefits, including his medical insurance because of his hear condition. Hermanson replied in the negative, stating "this is happening right now."

20. Each of the three Plaintiffs were told to sign the paperwork, and each Plaintiff chose termination over voluntary resignation in direct response to the coercion exhibited by Defendant Skidmore.

21. Following the termination of Plaintiffs, Defendant Skidmore and District Attorney Brian Hermanson made attempts to institute a measure that would prevent the hiring of any party who had attempted to litigate against the county in any way. This measure was brought before the Board of Commissioners and, after being postponed to the following month's regular meeting, the measure was tabled.

22. At all relevant times, Defendants acted under color of state law and with the power and authority granted to them by the laws of the State of Oklahoma.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 – FIRST AMENDMENT

23. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

24. Plaintiffs enjoy the right to engage in political activities and political speech. Plaintiffs engaged in protected speech by supporting Defendant Skidmore's opponent, wore clothing in statement of that support, and continued the support despite the inappropriate threats that were issued by Defendant Skidmore.

25. The Board and Defendant Skidmore have retaliated against Plaintiffs for their political speech, including, but not limited to supporting their chosen candidate for County Commissioner.

26. Plaintiffs political activities and political speech are a substantial or motivating factor in the decision by the Board and Defendant Skidmore, individually to terminate the employment of Plaintiffs.

27. Defendants actions violate Plaintiffs' First Amendment rights guaranteed by the U.S. Constitution. Defendants acted under color of state law. Defendants acted in bad faith and with willful and conscious disregard for Plaintiffs' rights.

28. As a result of the actions of the Board and Defendant Skidmore, Plaintiffs have suffered damages and will suffer future damages.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – DUE PROCESS – SUBSTANTIVE AND PROCEDUREAL (PROPERTY INTEREST)

29. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

30. Plaintiffs had a clearly established property interest in their continued employment with the Board.

31. Refusal by Skidmore and the Board to have provided process at the time of Plaintiffs' termination deprived Plaintiffs of the opportunity to a fair hearing in violation of their procedural rights established by law.

32. The terminations inflicted by Skidmore and the Board were in violation of each Plaintiff's well-established rights by law.

33. Plaintiffs have suffered and will continue to suffer irreparable harm, injury and damages as a result of this constitutional violation.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – LIBERTY INTEREST

34. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

35. Plaintiff's clearly-established liberty interests are protected by the Fourteenth Amendment of the U.S. Constitution. Plaintiffs enjoyed liberty interests, including, but not limited: in their individual employment; their good names; honor, integrity and standing in the community; and their individual pursuit of employment opportunities.

36. Skidmore and the Board deprived Plaintiffs of their liberty interests by, including, but not limited to: termination of Plaintiffs without any process; by presenting the termination as if Plaintiffs had committed a violation of policy or misconduct; by tarnishing Plaintiffs' reputation; and by indirectly interfering with possible employment pursuits.

37. The deprivations of Plaintiffs' federal and state rights have resulted in ongoing violations of federal and state law.

38. The acts taken by Skidmore and the Board, were under color of law and taken in bad faith and willfully with conscious disregard for Plaintiffs' rights.

39. Skidmore and the Board have deprived Plaintiffs of their clearly established liberty interests.

40. As a result of the acts of Skidmore and the Board, in their individual and official capacities, Plaintiffs have suffered irreparable injury, harm and damages.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### DENIAL OF EQUAL PROTECTION

41. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

42. Skidmore and the Board purposefully and intentionally discriminated against Plaintiffs in retaliation for their exercise of free speech.

43. Additionally, Skidmore and the Board purposefully and intentionally discriminated against Plaintiffs by treating them differently than similarly situated employees, which denied Plaintiffs an equal opportunity to be treated as similarly situated employees who had not exercised their free speech rights.

44. As a result of their actions, Skidmore and the Board deprived Plaintiffs of equal protection in violation of the Fourteenth Amendment of the U.S. Constitution.

45. The deprivations of Plaintiffs' U.S. Constitutional rights, Oklahoma Constitutional rights, and federal and state statutory rights have resulted in ongoing violations of federal and state law.

46. The acts and conduct of Skidmore and the Board were under color of law and taken in bad faith and willfully with conscious disregard for Plaintiffs' rights.

47. As a result of the acts of Skidmore and the Board, Plaintiffs have suffered damages.

### FIFTH CAUSE OF ACTION
### VIOLATION OF ARTICLE 2, SECTION 22 OF THE
### CONSTITUTION OF OKLAHOMA

48. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

49. Article II, Section 22, of the Oklahoma Constitution provides greater protections to speech than the First Amendment of the United States Constitution.

50. Skidmore and the Board have taken actions that were and continue to be in violation of Article 2, Section 22 of the Oklahoma Constitution.

51. Skidmore and the Board retaliated against Plaintiffs because of their speech in support of an opposing candidate. Skidmore and the Board punished activity by Plaintiffs protected by Article 2, Section 22 of the Oklahoma Constitution.

52. The actions taken by Skidmore and the Board, have deprived and continue to deprive Plaintiffs of their rights secured by Article 2, Section 22 of the Oklahoma Constitution.

53. As a result of the actions set forth herein, Plaintiffs have suffered injury, harm, and damages as a result of Defendants actions.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION

54. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

55. Skidmore and the Board terminated each Plaintiff in violation of public policy.

56. Skidmore and the Board terminated each Plaintiff based upon the exercise of Plaintiffs' federal and state constitutional rights.

57. Skidmore and the Board wrongfully terminated Lively, Swopes, and Constant.

58. As a result of the wrongful actions of Skidmore and the Board, Plaintiffs Lively, Swopes and Constant have been harmed and are suffering injuries and damages as a result thereof.

**PUNITIVE DAMAGES**

59. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

60. Skidmore and the Board, are hereby placed on notice that their actions have proximately and directly caused damages to Plaintiffs and their actions were willful, wanton, and conducted with either malice or a reckless disregard for the rights of Plaintiffs and that punitive damages are justified.

**RELIEF REQUESTED**

Based on the foregoing, Plaintiffs respectfully request that:

a. They be granted a trial by jury for all issues so triable;

b. A declaratory judgment as requested herein;

c. Judgment against all Defendants and in favor of Plaintiffs on all counts;

d. Complete expungement of records and information related to the unlawful actions taken by Defendants;

e. An injunction prohibiting Defendants from disclosing information related to the unlawful actions taken by Defendants to third parties regarding the alleged violations.

f. An award of money damages to Plaintiffs for lost wages, back pay, civil penalties, liquidated damages, all action and compensatory damages, including pain and suffering endured, as well as emotional trauma and stress, and any other costs and damages to which Plaintiffs are entitled by law;

g. An award of punitive damages where permitted by law;

h. An award of attorneys' fees and costs for bringing and maintaining this action; and that

i. Plaintiffs be awarded any other such relief that is available and that the Court may deem just, equitable, and proper.

Respectfully submitted,

_____
Richard A. Johnson, OBA #21718
Grace K. Yates, OBA #17937
HOLMES AND YATES LAW, P.L.L.C.
P.O. Box 750
Ponca City, Oklahoma 74602
Telephone: (580) 765-6727
Facsimile: (580) 765-6757
holmesanadyates@cableone.net
ATTORNEYS FOR PLAINTIFFS